UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James Thomas Burke,

    Petitioner,

    v.                                        Civil Action No. 2:19-cv-228-gwc-jmc

Michael Touchette, Commissioner,
Vermont Department of Corrections;
State of Vermont; David E. Tartter,
Assistant Attorney General,

    Respondents.

## REPORT AND RECOMMENDATION
(Doc. 1)

Petitioner James Thomas Burke, representing himself, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) In May 2010, a Vermont jury convicted Mr. Burke of one count of sexual assault in violation of Vt. Stat. Ann. tit. 13, § 3252(a)(1), and the Vermont Supreme Court affirmed that conviction in June 2012. *State v. Burke*, 2012 VT 50, 192 Vt. 99, 54 A.3d 500, *motion for reargument denied*, No. 2010–437 (Vt. July 11, 2012), *motion for reconsideration denied*, No. 2010–437 (Vt. July 30, 2012), *cert. denied*, 133 S. Ct. 795 (2012).

A review of the record indicates that Burke previously petitioned this Court for writ a of habeas corpus pursuant to 28 U.S.C § 2254. *Burke v. Pallito*, No. 2:12-CV-197 (D. Vt. Sept. 4, 2012). His petition was denied on substantive grounds on November 21, 2013. *Id.*, 2013 WL 6145810, *motion for reconsideration denied*,

No. 2:12-cv-197 (D. Vt. Mar. 6, 2014). The Court held that because the Vermont Supreme Court did not violate or unreasonably apply clearly established federal law, federal habeas relief was unavailable under § 2254, and the petition was dismissed. *See id.*, 2013 WL 6145810, at *9, 11, 13, 14, 20. Burke's appeal to the Second Circuit was dismissed for failure to make a substantial showing of the denial of a constitutional right. *Burke v. Pallito*, No. 13-4831 (2d Cir. May 22, 2014).

For the reasons stated below, I recommend that the Court find that Burke's current Petition (Doc. 1) is second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit.

## Background

In May 2010, Burke was convicted after a four-day jury trial in Vermont state court of one count of count of sexual assault in violation of Vt. Stat. Ann. tit. 13, § 3252(a)(1). The court sentenced Burke to eighteen to twenty years' imprisonment. *State v. Burke*, 2012 VT 50, ¶¶ 1, 13.

Burke filed a direct appeal of his conviction raising numerous claims that the Vermont Supreme Court rejected and affirmed his conviction on June 14, 2012. *Id.* ¶ 1. On September 4, 2012, Burke filed his first § 2254 petition in this Court, raising all of the same claims as well as an ineffective-assistance-of-counsel (IAC) claim. On February 25, 2013, after this Court deleted Mr. Burke's IAC claim from his petition because it was unexhausted, he filed a post-conviction relief (PCR)

petition with the Vermont Superior Court, Chittenden Unit, Civil Division. *Burke v. Pallito*, No. 2:12-CV-197, slip op. at 4 (D. Vt. Nov. 8, 2013) (Conroy, Mag. J.). In May 2017, the PCR court denied Mr. Burke's IAC claims based on the court's determination that Mr. Burke's attorney did not provide ineffective counsel. Burke appealed and, on April 19, 2019, the Vermont Supreme Court affirmed. *In re Burke*, 2019 VT 28, 212 A.3d 189.

Mr. Burke's first § 2254 petition in this Court collaterally challenged his May 2010 sexual assault conviction and the resulting sentence. As noted, the petition was denied because he failed to demonstrate a federal constitutional violation occurred during the state criminal proceedings. *See generally Burke*, 2013 WL 6145810.

In the present Petition, Burke again seeks to challenge his May 2010 sexual assault conviction and resulting sentence. (Doc. 1 at 1.)

## Discussion

This Court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests. *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Because Burke previously filed a § 2254 petition regarding the same conviction and sentence, and that petition was denied on the merits, his current Petition may be a "second or successive" petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition was "second or successive" because it challenged "the same custody imposed by the same judgment of a state court" as the first petition); *see also* 28 U.S.C. § 2244(b). The

3

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits the conditions under which a "second or successive" petition may be granted. A claim in a second or successive petition that was not presented in a previous habeas corpus petition may only be granted if one of the following conditions applies:

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The AEDPA also sets "gatekeeping" procedural rules for the review of second or successive petitions. *Burton*, 549 U.S. at 149. Accordingly, a second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A), (B). To grant such permission, the court of appeals must determine that the petition contains claims that fall into one of the categories quoted above. 28 U.S.C. § 2244(b)(3)(A), (B).

If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition and must dismiss it. *See Burton*, 549 U.S. at 153. The rule in this circuit, in the interest of judicial efficiency, is if a district court determines that a petition is second or successive, that court is to transfer the petition to the circuit court.

4

*See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).  Accordingly, I recommend that the Court find Burke's current § 2254 Petition (Doc. 1) to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the Court of Appeals.

## Conclusion

For these reasons, I recommend that the Court find Burke's current § 2254 Petition (Doc. 1) to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit.

Dated at Burlington, in the District of Vermont, this 18th day of December 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).