

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMES THOMAS BURKE,   )
                      )
    Petitioner,       )
                      )
    v.                )   Case No. 5:19-cv-228
                      )
MIKE TOUCHETTE, COMMISSIONER, )
VERMONT DEPARTMENT OF )
CORRECTIONS; STATE OF VERMONT; )
DAVID E. TARTTER, ASSISTANT )
ATTORNEY GENERAL,     )
                      )
    Respondents.      )

## ORDER ON REPORT AND RECOMMENDATION
(Doc. 3)

U.S. Magistrate Judge John M. Conroy issued his Report and Recommendation in this case on December 19, 2019. (Doc. 3.) Pro se petitioner James Thomas Burke filed his objections on January 6, 2020. (Doc. 6.) After review of the file, the Report and Recommendation, and Petitioner's objections, this court ADOPTS the Report and Recommendation in its entirety.

### BACKGROUND

Petitioner was convicted of one count of sexual assault in Vermont Superior Court in May 2010. The conviction was affirmed by the Vermont Supreme Court in 2012. *See State v. Burke*, 192 Vt. 99, 54 A.3d 500 (2012). He is serving a sentence of between 18 to 20 years.

Petitioner filed a federal habeas petition in this court in September 2012. *See Burke v. Pallito*, No. 2:12-cv-197. The petition attacked his conviction on multiple grounds, including ineffective assistance of counsel. (Doc. 4 at 2 in 2:12-cv-197.) By order dated February 11,

2013, the district court accepted the Report and Recommendation of the U.S. Magistrate Judge and deleted the ineffective assistance of counsel claim in order to permit petitioner to pursue that claim in a state court post-conviction case. (Doc. 25 in 2:12-cv-197.) By order dated November 21, 2013, the district court accepted the further Report and Recommendation and granted summary judgment on the merits of the remaining claims in favor of Respondents. (Doc. 47 in 2:12-cv-197.) On April 17, 2014, the Second Circuit denied a certificate of appealability and dismissed the appeal. (Doc. 55 in 2:12-cv-197.)

In February 2013, Petitioner sought post-conviction relief on grounds of ineffective assistance of counsel in Vermont Superior Court. The trial court denied the petition in November 2013 and the Vermont Supreme Court affirmed the ruling in April 2019. *See In re Burke*, 212 A.3d 189, 2019 VT 28 (2019).

Petitioner filed a second federal habeas petition in this court in December 2019. The petition raises multiple issues, including claims of ineffective assistance of counsel. (Doc. 1 at 2.) By Report and Recommendation dated December 18, 2019, Judge Conroy recommended transfer of the petition to the United States Court of Appeals for the Second Circuit to permit a determination of whether this successive petition satisfies one of the exceptions to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which appears at 28 U.S.C. § 2244(b)(2). (Doc. 3.)

On January 6, 2020, Petitioner filed objections to the Report and Recommendation. (Doc. 6.) Petitioner argues that his petition is not successive and satisfies the requirements listed in § 2244(b)(2). (*Id.* at 4.) The court will accept the objections as timely filed.

## STANDARD OF REVIEW

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *see also United States v. Simard*, No. 2:10-CR-47, 2019 WL 5704226, at *1 (D. Vt. Nov. 5, 2019). The district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's proposed findings and recommendations. *Nazario v. Miller*, No. 15 CIV. 2892 (PGG), 2020 WL 114516, at *8 (S.D.N.Y. Jan. 10, 2020) (citing 28 U.S.C. § 636(b)(1)).

Petitioner appears before the court as a pro se litigant. Petitioner, thus, is "entitled to a liberal construction of [his] pleadings, which should be read to raise the strongest arguments that they suggest." *Diaz v. United States*, 633 F. App'x 551, 555 (2d Cir. 2015) (internal quotation marks omitted).

## ANALYSIS

AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152, (2007) (quoting 28 U.S.C. § 2254(a) and § 2244(b)(1)). Relevant to this case, petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider [his] application." *Id.* at 152–53 (quoting 28 U.S.C. § 2244(b)(3)(A)). Without such authorization, "the District Court [is] without jurisdiction to entertain" a second or successive petition challenging petitioner's custody. *Id.* at 157.

The petition currently before the court qualifies as a second or successive petition for purposes of AEDPA. *See id.* at 154 ("[P]risoners filing mixed petitions may proceed with only

3

the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles.") Petitioner again challenges his state conviction and sentence, and raises similar claims to his first appeal. As Judge Conroy recognized, the correct procedure in the case of a second petition which seeks to pursue claims of ineffective assistance of counsel, which were deleted from the first petition, is to transfer the petition to the Court of Appeals for a determination that the petition falls into one of the 28 U.S.C. § 2244(b)(2) categories.

## CONCLUSION

The District Court ACCEPTS and ADOPTS the Report and Recommendation (Doc. 3) and TRANSFERS this case to the U.S. Court of Appeals for the Second Circuit.

Dated at Rutland, in the District of Vermont, this 20th day of January, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court